PROB 12B
(NYEP-11/25/02)

# United States District Court
## for the
## Eastern District of New York

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Simeon Allicock**  Case Number: **96-CR-528**

Name of Sentencing Judicial Officer: **John Gleeson, U.S. District Court Judge**

Date of Original Sentence: **4/10/97**

Original Offense: **Attempted Robbery of a Postal Carrier with a Dangerous Weapon**

Original Sentence: **Time Served; 3 Years Supervised Release, Substance Abuse Treatment**
Sentence on 5th VOSR: **6 Weeks Custody; 2 Years TSR, Mental Health and Drug Treatment**

Type of Supervision: **Supervised Release**  Date Supervision Originally Commenced: **4/10/97**

===========================================================================

## PETITIONING THE COURT

☐  To extend the term of supervision for years, for a total term of years.

☒  To modify the conditions of supervision as follows:

*For a period of **2 months**, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

*The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to drug testing during and after treatment to ensure absence from drugs.*


## CAUSE

The defendant was arrested on June 16, 2006 by the New York City Police Department (NYPD), 102nd Precinct, for Operating a Motor Vehicle While Intoxicated (DWI) -1st Offense (Vehicle and Traffic Law 1192.03) and Operating a Motor Vehicle While Intoxicated .08 of 1% Alcohol-1st Degree (Vehicle and Traffic Law 1192.02). The arrest report reflects that the defendant was stopped by NYPD for failing to signal on a right turn. Contact with the arresting officer, Andrew Mastrande, revealed that the results of a breath alcohol analyzer, conducted at the scene as well as at the precinct, yielded a .155 blood alcohol content (almost double the legal limit). The defendant reportedly initially denied drinking that day to the officer but was described as blatantly intoxicated with slurred speech, blood shot and watery eyes, and having a "very heavy odor of alcohol". The defendant reported the arrest to the undersigned officer, however he reported initially that he was returning from a barber shop at approximately 10:30 p.m. when he was stopped; he then stated that he was returning from a restaurant and maintained that he drank only one beer. When questioned further by the undersigned, the defendant reported that he could not remember if he had any other alcohol earlier in the day. The defendant denied that he was with anyone at the time of the arrest, however Officer Mastrande informed that another male was present in the defendant's vehicle. This individual was not arrested and his identity was not available. On June 17, 2006, the defendant plead guilty to Driving While Ability Impaired (Vehicle and Traffic Law 1192.1) in Queens Criminal Court. He was sentenced to a $500 fine, conditional discharge after one year, alcohol treatment, and revocation of his license. He is scheduled to re-appear in Queens Criminal Court on August 16, 2006 to satisfy the fine.

In response to this arrest, the defendant agreed to a modification of his conditions of supervised release to include home confinement for a period of two months. Additionally, the defendant agreed to modify his conditions to include prohibition from alcohol. He was advised by the Probation Department that he is required to increase his mental health and substance abuse treatment at Long Island Consultation Center (LICC) to once per week. (It is noted that collectively, LICC and the Probation Department reduced the defendant's therapy sessions in April, 2006 from once per week to bi-monthly based on his progress.) The Probation Department will monitor the defendant's compliance with the alcohol treatment order specified above. (It appears that this treatment encompasses an 8-12 week program. Additionally, referral of the defendant to LICC's DWI program, for which he would be responsible for the associated expense, is being explored).

The defendant has maintained consistent residence in Ozone Park, New York, and is currently employed as a driver for Aids Center Queens County (ACQC). The status of this employment is tenuous at present, based on the nature of the arrest and the revocation of the defendant's license. He maintains that he will apply for a restricted license. Also, the defendant is in the process of family court proceedings attempting to obtain permanent custody of his 4 year old daughter (he currently has been granted temporary custody). The defendant appears to recognize the gravity in his error in judgment and behavior and how it has impacted many facets of his life.

Based on the aforementioned, we respectfully request that the defendant's conditions be modified to include a period of home confinement and prohibition from alcohol.

Respectfully submitted by,

*Jeanine Manno*
Jeanine Manno
U.S. Probation Officer
Date: June 22, 2006

Approved by,

*Andrew S. Bobbe* by *Jm*
Andrew S. Bobbe
Deputy Chief U.S. Probation Officer
Date: June 23, 2006

THE COURT ORDERS:
- ☐ No Action
- ☒ The Modification of Conditions as Noted Above
- ☐ Other

s/John Gleeson
Signature of Judicial Officer

7-10-06
Date